UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENITULI PENISONI, | No. C 10-1040 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES WALKER, warden, | |
| Respondent. | |

## INTRODUCTION

Senituli Penisoni, currently incarcerated at California State Prison - Sacramento, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, Penisoni was convicted in San Mateo County Superior Court of murder and attempted murder. On September 7, 2006, he was sentenced to 45 years to life in prison.

Penisoni appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the trial court's refusal to give jury instructions on lesser offenses deprived him of his right to have every element proven beyond a reasonable doubt; (2) he received ineffective assistance of counsel in that counsel failed to object to opinion testimony and misstatements of the law by the prosecutor in his closing argument; (3) his right to due process was violated by "prosecutorial misconduct, admission of gang evidence," Petition, p. 6; and (4) the exclusion of evidence of the victim's bad character denied him his right to present a defense. Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **December 10, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously

1 | transcribed and that are relevant to a determination of the issues presented by the petition.

2 |     4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 14, 2011**.

    5.     Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: September 24, 2010

                                Marilyn Hall Patel
                                United States District Judge