UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENITULI PENISONI,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES WALKER, warden,<br><br>    Respondent.<br>                                    / | No. C 10-1040 MHP (pr)<br><br>**ORDER REQUIRING PETITIONER TO MAKE ELECTION REGARDING UNEXHAUSTED CLAIMS** |

## INTRODUCTION

Senituli Penisoni filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on four claims. Respondent has moved to dismiss on the ground that state court remedies had not been exhausted for two of the claims. Petitioner has not opposed the motion. For the reasons discussed below, the court finds that state court remedies were not exhausted for some claims and requires petitioner to choose how to deal with this problem.

## BACKGROUND

The petition challenges Penisoni's 2006 conviction in San Mateo County Superior Court of murder and attempted murder. He was sentenced on September 7, 2006 to 45 years to life in prison. Penisoni appealed. On appeal, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. Neither party has presented any evidence that he petitioned for writ of habeas corpus in the California Supreme Court.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c).

The federal petition alleges the following claims: (1) the trial court's refusal to give jury instructions on lesser offenses deprived him of his right to have every element proven beyond a reasonable doubt; (2) he received ineffective assistance of counsel in that counsel failed to object to opinion testimony and misstatements of the law by the prosecutor in his closing argument; (3) his right to due process was violated by "prosecutorial misconduct, admission of gang evidence," Petition, p. 6; and (4) the exclusion of evidence of the victim's bad character denied him his right to present a defense.

The court has compared the petition for review filed in the California Supreme Court filed by Penisoni and the petition for review filed by his co-defendant that was incorporated by reference in Penisoni's petition for review with Penisoni's federal habeas petition to determine whether all the claims in the latter were included in the former. They were not. Penisoni presented to the California Supreme Court all of claims 1 and 4, as well as the part of claim 3 that alleged his right to due process was violated by the admission of gang evidence. Those claims are exhausted. Penisoni did not present to the California Supreme Court his claim 2 – i.e., that he received ineffective assistance of counsel – and the part of claim 3 that alleged that his right to due process was violated by prosecutorial misconduct. These claims for ineffective assistance of counsel and for prosecutorial misconduct are unexhausted.

Penisoni's federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S.

509, 522 (1982); cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Penisoni the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the court will allow Penisoni to choose whether he wants to –

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court.

Penisoni is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court. (Alternatively, a petitioner could try to employ the amendment/stay procedure discussed in King v. Ryan, 564 F.3d 1133, 1135-36 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003)), but that would appear to create statute of limitations problems

3

here.)

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 6.)

Petitioner must file no later than **June 10, 2011**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **June 10, 2011**, petitioner must file a motion for a stay in which he explains why he

1  failed to exhaust his unexhausted claim in state court before presenting them to this court,
2  that his claims are not meritless, and that he is not intentionally delaying resolution of his
3  constitutional claims.   If petitioner does not choose one of the three options by the deadline,
4  the court will dismiss the unexhausted claims.
5       IT IS SO ORDERED.
6  DATED:   May 3, 2011

  Marilyn Hall Patel
7  United States District Judge