**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENITULI PENISONI, | No. C-10-1040 EMC (pr) |
|     Petitioner, | |
|     v. | **ORDER DENYING MOTION TO STAY AND SETTING BRIEFING SCHEDULE FOR EXHAUSTED CLAIMS** |
| JAMES WALKER, Warden, | |
|     Respondent. _____/ | |

Senituli Penisoni filed a petition for writ of habeas corpus that was a mixed petition – that is, a petition that contained some claims as to which state court remedies had been exhausted and some claims as to which state court remedies had not been exhausted. Respondent moved to dismiss the petition on the ground that the Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

On May 4, 2011, the Court granted Respondent's motion to dismiss and required Penisoni to choose how to deal with the problem of his mixed petition. The Court explained the various options available to Penisoni, and ordered him to file "a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims." Order Requiring Petitioner To Make Election Regarding Unexhausted Claims, p. 4. The Court also explained: "If [Penisoni]

1  chooses Option (3), no later than **June 10, 2011**, [he] must file a motion for a stay in which he
2  explains why he failed to exhaust his unexhausted claims in state court before presenting them to
3  this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his
4  constitutional claims. If [Penisoni] does not choose one of the three options by the deadline, the
5  Court will dismiss the unexhausted claims."

6  Penisoni then filed an Election By Petitioner in which he stated that he wished to proceed
7  under option (3), to have this action stayed so he could exhaust state court remedies before going
8  forward with all his claims in this action. Penisoni stated that he "did not understand that filing a
9  claim that was not exhausted in the California Supreme Court could not be brought up in the U.S.
10 District Court(s)" and that he was "in no way intentionally delaying due process." Election By
11 Petitioner, p. 1. The Court liberally construes the Election By Petitioner to also request that this
12 action be stayed and held in abeyance under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), so that
13 Penisoni may exhaust state court remedies for his unexhausted claims. (Docket # 9.) If the Court
14 did not liberally construe the Election By Petitioner to be a request for a stay, Petitioner would have
15 missed the deadline by which to file such a request and his election to proceed under option (3)
16 would have to be rejected because that option depends on a stay being granted. The Court does not
17 construe the Election By Petitioner to be an effort to invoke the procedure discussed in *King v. Ryan*,
18 564 F.3d 1133, 1135-36 (9th Cir. 2009), because Penisoni did not move to amend his petition.

19 As the Court explained in its last order, the U.S. Supreme Court discussed the stay-and-
20 abeyance procedure for mixed habeas petitions in *Rhines*. The Court cautioned district courts
21 against being too liberal in allowing a stay because a stay works against several of the purposes of
22 the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner
23 to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining
24 federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state
25 court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only
26 appropriate when the district court determines there was good cause for the petitioner's failure to
27 exhaust his claims first in state court," the claims are not meritless, and there are no intentionally
28 dilatory litigation tactics by the Petitioner. *Id.* at 277-78.

2

1    Penisoni does not qualify for a stay under *Rhines*, 544 U.S. at 277, because he has not shown
2 good cause for his failure to exhaust his claims in state court before filing this action.  His reason for
3 not having exhausted his claim is that he did not know he needed to exhaust.  A court "must
4 interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme
5 Court's instruction in *Rhines* that the district could should only stay mixed petitions in 'limited
6 circumstances.'"  *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (quoting *Rhines*, 544
7 U.S. at 277). In *Wooten*, the court upheld the denial of a stay because petitioner's incorrect belief
8 that counsel had raised claims to the California Supreme Court on direct appeal did not establish
9 good cause under *Rhines* for failure to exhaust claims earlier.  "To accept that a petitioner's
10 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would
11 render stay-and-obey (sic) orders routine" and run counter to *Rhines*' instructions.  *Wooten*, 540
12 F.3d at 1024.  The same reasoning compels rejection of Penisoni's argument:  to accept that a
13 petitioner's ignorance of the need to exhaust showed good cause would render stay and abeyance
14 orders routine, as that argument could be made by the vast majority of petitioners.  Just as
15 "Wooten's 'impression that his counsel had exhausted an unexhausted claim does not constitute
16 'good cause' for failure to exhaust that claim," *Wooten*, 540 F.3d at 1024, neither does Penisoni's
17 impression that he did not need to exhaust constitute good cause for his failure to exhaust the claims.
18 Further undermining the view that Penisoni's ignorance of the exhaustion requirement provides
19 good cause is the apparent absence of any effort to learn of the requirement in the fifteen months
20 between the denial of his petition for review and the filing of the federal habeas petition.  Mere
21 ignorance of the exhaustion requirement does not comport with the guidance offered in *Wooten* as to
22 good cause.  Accordingly, Petitioner's request for a stay and abeyance is **DENIED**.  (Docket # 9.)
23    When "the court determines that stay and abeyance is inappropriate, the court should allow
24 the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal
25 of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."
26 *Rhines*, 544 U.S. at 278.  Penisoni filed his federal petition when there were less than two weeks left
27 in the one-year habeas limitations period.  If the Court dismisses his petition without prejudice to
28 him filing a new petition after he exhausts state court remedies, Penisoni almost certainly will be

time-barred when he returns to federal court. Dismissal of the entire petition will unreasonably impair his right to obtain federal relief. Therefore, the Court will dismiss the unexhausted claims so that Penisoni can have federal court consideration of his exhausted claims.

The federal petition alleged the following claims: (1) the trial court's refusal to give jury instructions on lesser offenses deprived Penisoni of his right to have every element proven beyond a reasonable doubt; (2) Penisoni received ineffective assistance of counsel in that counsel failed to object to opinion testimony and misstatements of the law by the prosecutor in his closing argument; (3) his right to due process was violated by "prosecutorial misconduct, admission of gang evidence," Petition, p. 6; and (4) the exclusion of evidence of the victim's bad character denied him his right to present a defense. Claim 2 – *i.e.*, that he received ineffective assistance of counsel – and the part of claim 3 that alleged that his right to due process was violated by prosecutorial misconduct are now **DISMISSED** because state court remedies were not exhausted for them. It is time to move toward resolution of the remaining claims, *i.e.*, claims 1 and 4, as well as the part of claim 3 that alleged his right to due process was violated by the admission of gang evidence.

The following briefing schedule is now set: Respondent must file and serve his response to the petition no later than **November 18, 2011**. Petitioner must file and serve his traverse no later than **December 30, 2011.**

IT IS SO ORDERED.

Dated: October 6, 2011

EDWARD M. CHEN
United States District Judge

4